**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER PAUL NORIEGA, | ) Case No. EDCV 13-1474-MWF (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| DAVID LONG, Warden, | ) |
| Respondent. | ) |

On August 13, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition challenges Petitioner's 2007 conviction and 62-years-to-life sentence in Riverside County Superior Court for murder and related offenses. Petitioner raises four claims, three of which he appears to have raised on direct appeal, and one – ineffective assistance of counsel – that he acknowledges he has not previously raised. (Pet. at 5-6.) The California Supreme Court denied his Petition for Review on January 14, 2009, according to the California Appellate Courts' Case Information website, and Petitioner did not file a petition for writ of certiorari in the U.S. Supreme Court (Pet. at 3). Petitioner

states that he did not file any state habeas petitions (Pet. at 3), and the Court's review of the Case Information website seems to confirm that.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has one year from the date his conviction became final to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction apparently became final on April 14, 2009, 90 days after the California Supreme Court denied his Petition for Review. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, absent some kind of tolling or a later trigger date, Petitioner had until April 13, 2010, to file his federal Petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (limitation period begins to run day after triggering event). He did not file it until August 13, 2013, seemingly more than three years late.

From the face of the Petition it does not appear that Petitioner is entitled to a later trigger date on any of his claims. As to three of the claims, Petitioner simply attaches his opening brief on appeal, and therefore he necessarily knew of them before his conviction became final. As to his ineffective-assistance-of-counsel claim, Petitioner has provided no facts or argument in support; he states merely that the other three "grounds raised herein are the result of (IAC)."[1] (Pet. at 6.)

---

[1] He also attached to the Petition a one-page declaration making certain conclusory claims about his trial lawyer, including that he asked his attorney to call a particular witness but the attorney "never subpoenaed her," his attorney never filed a new-trial motion, and his attorney didn't hire a gang expert. These bare allegations are not sufficient to raise a claim for relief. Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) (conclusory allegations not supported by specific facts do not warrant habeas

Even if that claim could conceivably be timely, it nonetheless appears to be unexhausted, and therefore the Court could not consider it even were it sufficiently developed. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982) (holding that "mixed" petitions – those containing both exhausted and unexhausted claims – must generally be dismissed); cf. Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005) (allowing for stays of mixed petitions in certain circumstances).  Thus, Petitioner has not shown that he is entitled to a later trigger date on any of his claims. Moreover, because Petitioner has apparently not filed any state habeas petitions (see Pet. at 3), he does not appear to be entitled to any statutory tolling.

In certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  But he must show that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).  Petitioner states in a one-page declaration he attached to the Petition that "I was in SHU at Pelican Bay State Prison from 3-2007 thru 1-2011 and HDSP from 1-2011 thru 10-2011 on lockdown"; he further asserts that

> my trial attorney finally sent my client file after numerous requests.  I finally received it around March 15, 2013.

---

relief).

4

He attaches a copy of his March 5, 2013 letter to his trial attorney requesting his file but does not attach any earlier letters or otherwise demonstrate earlier efforts to get the file. Petitioner has also attached to his Petition letters his appellate attorney wrote to him and others in 2007 and 2009. The appellate attorney warned Petitioner in her July 14, 2009 letter that

> if you wish to pursue your case on your own in federal court, . . . [t]he deadline . . . is calculated from the date of the denial of the petition as 90 days, plus one year. This is an absolute deadline.

She also informed him that his Petition for Review was denied in January 2009; a subsequent letter seems to show that she sent Petitioner his trial transcripts in October 2009, well before the limitation period expired, and again warned him of the deadline. Thus, Petitioner was aware that any federal habeas Petition had to be filed no later than April 2010, and he apparently had the materials he needed to pursue federal habeas relief in a timely manner. Cf. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (denying tolling because habeas petition can be filed without access to trial record, which may be ordered subsequently if necessary for reviewing court's decision). Even accepting all of Petitioner's assertions as true and crediting his argument that he could not have filed his Petition until he received his case file, in March 2013, he has not explained why he waited five more months to file it. Indeed, his federal Petition mostly simply relies on his opening brief on appeal and therefore could not have taken much time to prepare.

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond.  <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **<u>September 26, 2013</u>**, Petitioner show cause in writing, if he has any, why the Court should not recommend that this action be dismissed because it is untimely for the reasons stated above.  Petitioner is advised that his failure to timely comply with this Order may result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.

DATED: <u>August 27, 2013</u>

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE